**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NATASHA PERRY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　　Defendant. | Case No: _____ |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Amazon.com Services LLC ("Amazon"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes this action from the Court of Common Pleas, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division. Removal is based on the following grounds:

**I.      JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). As detailed below, this is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and the defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2.      Removal to this Court is proper because the U.S. District Court for the Northern District of Ohio, Eastern Division, embraces the Court of Common Pleas, Cuyahoga County, Ohio, where Plaintiff Natasha Perry filed this action. *See* 28 U.S.C. §§ 115(a)(1), 1441(a).

## II. PROCEDURAL HISTORY

3. On March 18, 2025, Plaintiff filed this putative class and collective action in the Court of Common Pleas, Cuyahoga County, Ohio. A copy of the Complaint is attached hereto as **Exhibit A** ("Compl.").

4. Plaintiff brings claims against Amazon for alleged "unpaid wages, penalties, and attorneys' fees and costs" arising from time spent passing through Amazon's "security screening" process. Compl. ¶¶ 1, 19. She alleges that Amazon "maintained a policy and practice whereby its hourly employees . . . were required to complete a security screening each day and off the clock without pay." *Id.* ¶ 19.

5. On behalf of herself and putative classes, Plaintiff asserts four different causes of action for alleged unpaid non-overtime (i.e., straight-time) wages and liquidated damages. *Id.* ¶ 52. Count II alleges a class claim for breach of contract under Ohio common law. *Id.* ¶¶ 67-77. Count III alleges a class claim for quantum meruit under Ohio common law. *Id.* ¶¶ 78-86. Count IV alleges a class claim for unjust enrichment under Ohio common law. *Id.* ¶¶ 87-94.[1] And Count V alleges a class claim for violations of the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15. *Id.* ¶¶ 95-101.

6. Plaintiff defines her putative class for each of these claims the same way, but for the temporal scope. Specifically, the definition for the Breach of Contract, Unjust Enrichment, and OPPA Classes is "[a]ll current and former hourly paid employees of Amazon in Ohio who completed security screenings and who worked less than 40 hours for at least one week in the ***six***-year period before the filing of this Complaint until final resolution of this Action." *Id.* ¶ 52

---

[1] Count IV is erroneously labeled "Quantum Meruit." Compl. ¶¶ 87-94. The substantive allegations, however, assert an unjust enrichment claim. *Id.*

(emphasis added). The definition for the Quantum Meruit class is identical, except that it covers only "the *four*-year period before the filing of this Complaint until final resolution of this Action." *Id.* (emphasis added).

7. Separately, on behalf of herself and a putative collective, Plaintiff asserts a cause of action for alleged unpaid overtime wages under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §§ 4111.03, 4111.031, 4111.10(C). *Id.* ¶¶ 60-66 (Count I). Plaintiff defines her putative Overtime Collective as "[a]ll current and former hourly employees employed by Defendant at its Ohio locations who were required to undergo security screenings at any time during the two (2) years preceding the date of the filing of this Action through final disposition of this matter." *Id.* ¶ 39.

8. Plaintiff does not make any allegation about the amount put into controversy by the putative Class and Collective claims. *See generally* Compl. Instead, Plaintiff requests in the Prayer for Relief a variety of awards in unspecified amounts, including awards to:

- "Plaintiff and the members of each of the Classes [for] unpaid straight time wages in those weeks when [putative class members] worked less than 40 hours."

- "Plaintiff and the OPPA Class Members [for] liquidated damages in an amount equal to six percent (6%) of the amount of the unpaid wages still unpaid or two hundred dollars per OPPA Class Member, whichever is greater."

- "Plaintiff and the Collective Members['] damages for unpaid overtime wages."

- "Plaintiff, the Collective Members, and the members of each of the Classes [for] all attorneys' fees . . . incurred in prosecuting this action."

*Id.*, Prayer for Relief ¶¶ D-F, H.

9. On March 19, 20, 24, and 26, 2025, Plaintiff filed Notices of Filing Consent to Join Form Pursuant to Ohio Rev. Code § 4111.10(C) on behalf of eight individuals. Copies of all such Notices are attached hereto as **Exhibit B**.

10. On March 20, 2025, the Clerk of Court of Common Pleas issued a Summons. A copy of the Summons is attached hereto as **Exhibit C**.

11. On March 24, 2025, Plaintiff served the Summons and Complaint on Amazon via United States Postal Service ("USPS") certified mail. A copy of the corresponding USPS certification filed on the state court docket on April 2, 2025 is attached hereto as **Exhibit D**.

12. On April 15, 2025, Amazon filed the Parties' Stipulation for Extension of Time Pursuant to Local Rule 8.0(D), which extended Amazon's responsive pleading deadline to May 21, 2025. A copy of this Stipulation is attached hereto as **Exhibit E**.

13. No further proceedings have occurred in the state court action. *See* **Exhibit F** (Cuyahoga County, Clerk of Courts, Electronic Docket Search, Case Information for Case No. CV-25-113915, accessed Apr. 23, 2025).

### III. <u>TIMELINESS</u>

14. The thirty-day removal clock under 28 U.S.C. § 1446(b) has not started to run because Amazon has not "receive[d] a document *from the plaintiff* from which [Amazon] can unambiguously ascertain CAFA jurisdiction." *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016). In particular, neither the Complaint nor any other paper in this action "specifically disclose[s] the amount of monetary damages sought." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

15. In any event, Amazon has filed this Notice within thirty days of service of the Complaint, which occurred on March 24, 2025.

**IV. GROUNDS FOR REMOVAL: THE CLASS ACTION FAIRNESS ACT**

16. The Court has original jurisdiction under CAFA because this is a class action[2] in which (a) the putative class includes 100 members or more; (b) there is minimal diversity of citizenship between the parties; and (c) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d); *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020). No exception to CAFA jurisdiction applies.

**A. The Putative Class Exceeds 100 Members.**

17. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater. 28 U.S.C. § 1332(d)(2), (5)(B).

18. As a threshold matter, Plaintiff alleges the "number of members in each of the Classes is believed to exceed 40 and in fact, is likely to be in the thousands." Compl. ¶ 53.[3] By signing the Complaint, Plaintiff's counsel certified that "there is good ground to support" this allegation. Ohio R. Civ. P. 11; *see also Roppo v. Travelers Com. Ins. Co.,* 869 F.3d 568, 581-82 (7th Cir. 2017) (defendants "may rely on the estimate of the class number set forth in the complaint" where it is certified by counsel, since defendants "should be able to take counsel at his word").

19. Thus, Plaintiff's allegation alone is enough to demonstrate the jurisdictional threshold is met. *See Fam. Tacos, LLC v. Auto Owners Ins. Co.*, 2021 WL 110797, at *3 (N.D.

---

[2] Under CAFA, a "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, "Plaintiff brings this case as a class action pursuant to Ohio Rule of Civil Procedure 23 for [the] OPPA and common law claims." Compl. ¶ 2.

[3] Plaintiff also alleges that she "worked with hundreds of other Amazon workers" at the one "Amazon fulfillment center" in Ohio in which she worked, and that the security screening practice she challenges applied to all hourly employees. *Id.* ¶¶ 17-19.

Ohio Jan. 12, 2021) (finding the threshold was met because the plaintiff alleged the putative class "number[s] at least in the many thousands and possibly millions"); *Hudson-Swoope v. MRO Corp.*, 2025 WL 904456, at *4 (N.D. Ohio Mar. 25, 2025) (same, where plaintiff alleged that she "is informed and believes that there are hundreds of individuals in the Class").

20. Moreover, according to Amazon's records, there are **at least** 39,107 individuals who meet the shared definition for Plaintiff's Breach of Contract, Unjust Enrichment, and OPPA Classes: "current [or] former hourly paid employees of Amazon in Ohio who completed security screenings and who worked less than forty hours for at least one week in the [period from March 18, 2019 through the present]." Compl. ¶ 52; *see also* Declaration of Andrew Beckett, attached hereto as **Exhibit G**, ¶¶ 2-3 (establishing a scope of Amazon hourly employees in Ohio who completed security screening from March 18, 2019 to the present); Declaration of Jenna Couch, attached hereto as **Exhibit H**, ¶¶ 2-6 (authenticating payroll and time-punch records for those employees); Declaration of Nathan Woods, attached hereto as **Exhibit I**, ¶¶ 3-4 (establishing the number of those employees who worked less than forty hours for at least one week in the same period, based on the payroll and time-punch records).

21. Thus, "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. 28 U.S.C. § 1332(d)(2), (5)(B).

**B.**  **Minimal Diversity of Citizenship Exists.**

22. CAFA requires the existence of minimal diversity of citizenship, meaning that "any member of a class of plaintiff is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

23. For a natural person, like Plaintiff, her state of citizenship is her state of domicile, which is presumptively her state of residence. *Mason v. Lockwood, Andrews & Newnam, P.C.*,

842 F.3d 383, 389 (6th Cir. 2016). Plaintiff alleges that she "is an adult individual residing in Chardon, Ohio (Geauga County)." Compl. ¶ 5; *see also id.* ¶ 17 (further alleging she had been employed by Amazon in its "North Randall, Ohio warehouse from approximately November 2018 until January 2024"). Therefore, Plaintiff is presumptively a citizen of Ohio.

24. For a limited liability company, like Amazon.com Services LLC, its states of citizenship are the states of "citizenship of its members or sub-members." *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022); *see also* Compl. ¶ 8. Amazon.com Sales, Inc. is the sole member of Amazon.com Services LLC. *See* Ex. H, Couch Decl. ¶ 7.

25. For a corporation, like Amazon.com Sales, Inc., its states of citizenship are the states (i) "by which it has been incorporated" and (ii) "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Amazon.com Sales, Inc. is incorporated in Delaware. *See* Ex. H, Couch Decl. ¶ 8. Amazon.com Sales, Inc.'s headquarters is located in Seattle, Washington and staffed by the corporate officers and executives responsible for overseeing its business. *Id*. Amazon.com Sales, Inc. is therefore a citizen of Delaware and Washington, which means Amazon.com Services LLC is also a citizen of Delaware and Washington.

26. Thus, the CAFA minimal-diversity requirement is satisfied.

C.     **The Amount in Controversy Exceeds $5 Million.**

27. CAFA requires that the aggregate amount put in controversy by the action, exclusive of interest and costs, "exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (6).

28. As the removing party, Amazon must show that the amount in controversy requirement is satisfied. *Hudson*, 2025 WL 904456, at *3 (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). "Where, as here, a plaintiff's complaint does not state the amount in controversy, the removal statute requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence." *Id.* at *4 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) and 28 U.S.C. § 1446(c)(2)(A)). This means Amazon does not have to "research, state and prove the plaintiff's claim for damages." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Rather, Amazon need only plausibly allege "that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.[4] This lenient pleading standard flows from the recognition that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

29. Here, the demands made under Count V, the OPPA claim, are alone in excess of $5 million. *See* Compl. ¶¶ 95-101.

30. Plaintiff contends that she and each member of the OPPA Class have a claim against Amazon for a "willful violation" of the OPPA, creating an entitlement to "unpaid wages and liquidated damages pursuant to [O.]R.C. 4113.15." *Id.* ¶¶ 100-01. More specifically, Plaintiff alleges that the amount of liquidated damages she seeks is "equal to six per cent (6%) of the amount of the unpaid wages still unpaid or two hundred dollars per OPPA Class Member, whichever is

---

[4] "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89. But such a dispute necessarily "cannot arise until *after* the defendant files a notice of removal containing those allegations." *Id.*

greater." *Id.*, Prayer for Relief ¶ F; *see also* Ohio Rev. Code § 4113.15(B).  In other words, the minimum amount of alleged liquidated damages is $200 per OPPA Class Member.

31. As noted above, according to Amazon's records, there are **at least** 39,107 members of the putative OPPA Class.  *Supra* ¶ 20.  Therefore, the amount of liquidated damages Plaintiff seeks on behalf of the OPPA Class is at least $7,821,400 (equal to 39,107 multiplied by $200).

32. This is sufficient by itself to plausibly demonstrate that the amount in controversy for this action exceeds the $5 million CAFA threshold.  However, it represents only a **subset** of the amount in controversy for the liquidated damages portion of Count V, because it is based on only a subset of the OPPA Class.  *See* Ex. G, Beckett Decl. ¶¶ 2-3; Ex. H, Couch Decl. ¶¶ 2-6; Ex. I, Woods Decl. ¶¶ 3-4.

33. Moreover, in addition to the OPPA liquidated damages, the amount in controversy for this action includes the alleged unpaid wages Plaintiff attributes to certain time each member of her Classes and/or Collective spent going through security screening.

34. Specifically, on behalf of herself and each member of her Classes, Plaintiff seeks alleged "unpaid straight time [*i.e.,* non-overtime] wages in those weeks when they worked less than 40 hours" from March 18, 2019 to the present.  Compl. ¶ 52; *id.*, Prayer for Relief ¶ E.  And on behalf of herself and each member of her Overtime Collective, Plaintiff seeks alleged "unpaid overtime wages" from March 18, 2023 to the present.  *Id.* ¶ 39; *id.*, Prayer for Relief ¶ D; *see also* Ohio Rev. Code § 4111.03(A) (the overtime wage rate under Ohio law is "one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek").

35. On the low end, Plaintiff alleges that security screening caused each member of her Class and/or Collective to incur five minutes of unpaid time for each day of work.  *See* Compl. ¶ 19 (alleging Amazon required its hourly employees "to complete a security screening each day

9

off the clock and without pay"); *id.* ¶ 26 (alleging "the screening process lasted anywhere between 5 and 15 minutes or longer").

36. Therefore, assuming five minutes of unpaid time each workday, Amazon calculates that the amount-in-controversy includes ***at least*** (i) $4,400,101 in alleged unpaid straight time wages in weeks when Class members worked forty hours or fewer (after adding the additional minutes) since March 18, 2019; and (ii) $1,974,818 in alleged unpaid overtime wages in weeks when Collective members worked more than forty hours (after adding the additional minutes) since March 18, 2023. *See* Ex. I, Woods Decl. ¶ 5.

37. These figures are underinclusive calculations of the alleged unpaid straight-time and overtime wages in this action, for two reasons. First, these figures are based on the time and payroll records for only a ***subset*** of the Classes and the Overtime Collective, so the alleged unpaid wages to many Class and/or Collective members are excluded entirely. *See* Ex. G, Becket Decl. ¶¶ 2-3; Ex. H, Couch Decl. ¶¶ 2-6; Ex. I, Woods Decl. ¶¶ 3, 5. Second, the time and payroll records used for the calculations cover only a ***subset*** of the six-year Class period from March 18, 2019 to the present—so even for the included Class members, not all of their alleged unpaid wages are included. *See* Ex. G, Beckett Decl. ¶¶ 2-3; Ex. H, Couch Decl. ¶¶ 2-6; Ex. I, Woods Decl. ¶¶ 3, 5.

38. All told, the amount in controversy here undoubtedly exceeds the $5 million threshold under CAFA.[5]

---

[5] The foregoing calculation of the amount-in-controversy does not include attorney's fees, which Plaintiff seeks. *See* Compl., Prayer for Relief ¶ H. Amazon does not currently have information sufficient to make a reasonable estimate of Plaintiff's attorney's fees to date. However, that Plaintiff seeks some amount for fees pushes the amount in controversy even further above $5 million.

V.     **NOTIFICATIONS**

39.    Amazon will promptly provide written notice to Plaintiff, through her counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

40.    Amazon will file a copy of its Notice of Removal with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio in accordance with 28 U.S.C. § 1446(d).

VI.    **NON-WAIVER AND RESERVATION OF RIGHTS**

41.    If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, Amazon reserves the right to remove this action at the appropriate time. *See Graiser*, 819 F.3d at 285-86.

42.    Amazon reserves all defenses and objections it may have to this action without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

WHEREFORE, Defendant Amazon.com Services LLC respectfully requests that the above action now pending in the Court of Common Pleas, Cuyahoga County, Ohio, be removed to the United States District Court for the Northern District of Ohio, Eastern Division.

Dated:  April 23, 2025                    MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Doriyon C. Glass*

Doriyon C. Glass (Bar No. 98149)
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:  202.739.5609
Fax:  202.739.3001
doriyon.glass@morganlewis.com

11

Sari M. Alamuddin (*pro hac vice forthcoming*)
Kevin F. Gaffney (*pro hac vice forthcoming*)
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
Tel:  312.324.1158
Fax: 312.324.1001
sari.alamuddin@morganlewis.com
kevin.gaffney@morganlewis.com

*Attorneys for Defendant Amazon.com Services LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Notice of Removal** was electronically filed with the Clerk of the Court using the Court's CM/ECF electronic filing system and has been served via United States mail, postage prepaid, and email this 23rd day of April 2025, upon:

Hans A. Nilges
NILGES DRAHER LLC
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
hans@ohlaborlaw.com

Robi J. Baishnab
NILGES DRAHER LLC
1360 E. 9th St., Suite 808
Cleveland, OH 44114
rbaishnab@ohlaborlaw.com

Don J. Foty (*pro hac vice*)
HODGES & FOTY, LLP
5625 Cohn Meadow Lane
Houston, TX 77007
dfoty@fotylawgroup.com

*Attorneys for Plaintiff*

/s/ *Doriyon C. Glass*
Doriyon C. Glass